IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LIMA ONE CAPITAL SPECIAL SERVICING, INC., a Delaware corporation, | ) ) ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) ) | 1:18-CV-04070-MLB |
| v. | ) ) | |
| E.S. REAL ESTATE CONSORTIUM, CORP., a Georgia corporation; CONSORTIUM TITLE, LLC, a Virginia limited liability company; INTERGRITY SETTLEMENT SERVICES, LLC, a Florida limited liability company; ANEAKA ENGLISH, an individual; CASITA SIMPSON, an individual; and COLEEN THOMAS, an individual, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT E.S. REAL ESTATE CONSORTIUM, CORP.'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

COMES NOW, Defendant E.S. Real Estate Consortium, Corp. ("ESREC" or

"Defendant"), by and through its undersigned counsel, and hereby timely[1] files this

---

[1] Plaintiff filed its Complaint in this matter on August 28, 2018 [Doc. 1].  On September 24, 2018, the Court granted Defendant's Motion for Enlargement of Time to File Answer and extended the time to answer or otherwise respond until October

Motion to Dismiss seeking dismissal of Lima One Capital Special Servicing, Inc.'s ("Plaintiff") Complaint ("Complaint") based upon the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim under Fed. R. Civ. P 12(b)(6) for Count I – Fraudulent Misrepresentation, Count II – Conspiracy to Commit Fraud, and Count IV – Civil RICO Pursuant to 18 U.S.C. § 1964, respectfully showing the Court the following:

## **INTRODUCTION**

At its core, this lawsuit is nothing more than a dispute over a failed real estate transaction that belongs in state court.  Plaintiff attempts to turn this Georgia real estate dispute into a federal lawsuit by manufacturing diversity and federal question jurisdiction.  To manufacture diversity jurisdiction, one (1) week before filing this lawsuit, Lima One Capital, LLC ("Lima Georgia"), a Georgia limited liability company, assigned Plaintiff, a Delaware entity, its interest in the real estate transaction that is the basis for the lawsuit.  Assigning the property allowed Plaintiff, not Lima Georgia, to file this lawsuit in federal court under diversity jurisdiction.  Likewise, Plaintiff uses bare-bone assertions, insufficient facts and conclusory allegations in an attempt to support a federal RICO and fraud claims to give a basis

---

15, 2018 [Doc. 8].  Defendant responds to Plaintiff's Complaint by filing this Motion.

for federal question jurisdiction.  As provided herein, those claims fail, requiring that those claims be dismissed and the Complaint in its entirety be dismissed for lack of subject matter jurisdiction.

<u>**ARGUMENT & CITATION TO AUTHORITY**</u>

**I.     THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

The Complaint should be dismissed because the Court lacks subject matter jurisdiction under both diversity and federal question jurisdiction alleged by Plaintiff.  Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be facial, factual or both.  <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990).  Facial attacks on a complaint "require the court merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  <u>Id.</u> (internal quotation omitted).  Factual attacks, on the other hand, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."  <u>Id.</u> (internal quotations omitted).  Under a factual attack, the inexistence of diversity jurisdiction in the Complaint is unveiled by looking at Lima Georgia's assignment

of the property involved in this lawsuit to Plaintiff only a week before filing the Complaint.

A.    *Plaintiff's Complaint Lacks Diversity Jurisdiction.*

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."  28 U.S.C.A. § 1359.  "[T]he statute forbids collusive assignment to create either diverse citizenship or jurisdictional amount." Georgia Ass'n of Indep. Ins. Agents v. Travelers Indem. Co., 313 F. Supp. 841, 843 (N.D. Ga. 1970).  A party cannot create diversity by collusively assigning his interest in an action to another party.  Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 745 (2014).  Importantly, collusion need not rise to the level of fraud: "'the words improperly or collusively,' as used in the statute, do not require a finding of fraud or deceit, collusion with the opposing party, or impropriety in the sense of indecorum or indecency."  Gilbert v. Wills, 834 F.2d 935, 937 (11th Cir. 1987). Instead, it merely requires the party to take some act to manufacture diversity jurisdiction that otherwise would not exist.  Id.

As alleged in the Complaint, two of the Defendants, ESREC and Aneaka English ("English") are Georgia citizens.  See Comp., ¶¶ 2 and 6.  Plaintiff's predecessor-in-interest, Lima Georgia, is also a Georgia limited liability company,

as plainly stated on the Assignment of claim attached to the Complaint (the "Assignment").[2] See Comp., Exhibit D ("This document is an assignment by Lima One Capital, LLC, a *Georgia* limited liability company…) (emphasis added). Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff. MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). A court determines citizenship for diversity purposes at the time the suit is filed. Id.

In Kramer v. Caribbean Mills, the Supreme Court held that when the assignor retains an interest in the assigned claims, the assignee has no previous connection in the matter, and the assignment is made for the sole purpose of accessing the federal courts, the assignment is collusive in violation of 28 U.S.C. § 1359. 394 U.S. 823, 827-28 (1969). In the Eleventh Circuit, courts "focus on the nature of the transfer, namely, whether the assignor has retained an interest in the assigned claim." Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1315 (11th Cir. 2007); see also Gilbert, 834 F.2d at 937 (holding that jurisdiction was collusively obtained when the plaintiff made a private side agreement that promised a portion

---

[2] For discovery purposes, Lima Georgia, as a limited liability company is a citizen of the state of its incorporation, Georgia. Thermoset Corporation v. Building Materials Corp. of America, 849 F.3d 1313, 1316 (11th Cir. 2017).

of the litigation proceeds to potential plaintiffs so long as they did not intervene and destroy diversity between the parties); Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co., 546 F.2d 1227 (5th Cir.1977) (holding diversity jurisdiction was collusively obtained because the transferor retained a one-half interest in the outcome of the litigation, and was an indispensable party but for the assignment). "In determining whether a person has impermissibly manufactured diversity by assigning its rights to another, the relevant inquiry is whether, absent the assignment, the person would be an indispensable party to the case, not whether the person is an indispensable party." Landmark Equity Fund II, LLC v. Residential Fund 76, LLC, 631 F. App'x 882, 886 (11th Cir. 2015) (internal punctuation and quotations omitted).

Here, Lima Georgia has retained an interest in the outcome of this litigation. See, e.g., Ambrosia, 482 F.3d at 1315. The Assignment clearly provides that "[Lima Georgia] has designated and appointed [Plaintiff] to act as [Lima Georgia's] agent and representative for [Lima Georgia]'s **sole benefit**" with respect to the claims at issue in this lawsuit. See Comp., Ex. "D" (emphasis added). The Assignment makes no mention of any consideration paid by Plaintiff to Lima Georgia for the transfer. Moreover, absent the Assignment, Lima Georgia would have been an indispensable party to the litigation. All of the allegations in the Complaint related to purported

misrepresentations made to Lima Georgia, that were allegedly relied upon by Lima Georgia, and damages allegedly sustained by Lima Georgia.  See Comp., ¶¶ 10, 12, 14- 16, 19-31,33, 40-43, 46-48, 50-52, 54-56, 58-60.  These facts coupled with the suspect timing of the Assignment—just one (1) week prior to the filing of the Complaint—clearly demonstrates that the Assignment was made to collusively manufacture diversity jurisdiction where none previously existed.  As a result, the Court must reject Plaintiff's assertion that the Court has diversity jurisdiction over this matter.

> B.    *The Court Lacks Federal Question Jurisdiction.*

Plaintiff inappropriately relies upon an insufficiently pled civil RICO claim pursuant to 18 U.S.C. § 1964(c) to establish federal question jurisdiction.  Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff uses its alleged federal RICO claim to create jurisdiction for its remaining state claims of fraudulent misrepresentation, conspiracy to commit fraud, and unjust enrichment.  Comp., ¶ 8.  However, when a complaint fails to state a claim based upon federal question on its face, the Court does not have jurisdiction to hear the case.  See Mazyck v. Wells Fargo Bank, N.A., 1:23-CV-3875-ODE, 2013 WL 12101059 (N.D. Ga. Jan. 29, 2013).  For the reasons set forth in Section (II)(A), *infra*, the civil RICO claim should

be dismissed for failure to state a claim.  Without the civil RICO claim alleged in the Complaint as a basis for federal question jurisdiction, the Court no longer has jurisdiction to hear the remaining state claims.  Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction.

## II.    COUNTS I, II, AND IV OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A.    Standard For Motion To Dismiss For Failure To State A Claim.

The Court should dismiss claims I, II, and IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's "failure to state a claim upon which relief may be granted."  See Fed.R.Civ.P. 12(b)(6).  Dismissal for failure to state a claim is proper when the factual allegations in the complaint fail to possess enough "heft" to rise above the speculative level.  Edwards v. Prime, Inc., 6002 F.3d 1276, 1292 (11th Cir. 2010).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P.8(a)(2).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), the Court "retired" the "no set of facts" pleading standard under Rule 8(a)(2), holding that to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face."  In Twombly, Justice Souter stated that, "a formulaic recitation of the elements of a cause of action will not do."  Id. 550 U.S. at 554.

The Court advanced the new pleading standard outlined in <u>Twombly</u> into a clear plausibility standard in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The "[plausibility standard] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to withstand a motion to dismiss.  <u>Id.</u>  A claim must be facially plausible, which means the Court can draw a reasonable inference that the defendant is liable for the alleged misconduct.  <u>Id.</u>  When assessing the plausibility of claims, the Court first eliminates all allegations in the complaint that are merely legal conclusions, and then determines whether the remaining factual allegations give rise to entitlement to requested relief.  <u>American Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1289 (11th Cir. 2010).  However, when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  <u>Twombly</u> 550 U.S. at 1974.  Notably, the Court may infer from the factual allegations in the complaint "obvious alternative explanations" which suggest lawful conduct rather than the unlawful conduct the Plaintiff would ask the Court to infer.  <u>American Dental Ass'n.</u>, 605 F.3d at 1289.

Furthermore, Rule 9(b) imposes a higher pleading standard for fraud claims, requiring Plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed.R.Civ.P. 9(b).  To meet the Rule 9(b) level of specificity, a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2)

the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the [p]laintiff; and (4) what the [d]efendants gained by the alleged fraud." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370 (11th Cir. 1997). "This means the who, what, when, where, and how." Garfield v. NDC Health Corp., 466 G.3d 1255, 1262 (11th Cir. 2006). In a case with multiple defendants, the complaint should inform, with specificity, each defendant of the nature of the contentions and alleged participation in the fraud. See Ambrosia, 482 F.3d at 1316-17; Brooks, 116 F.3d at 1370. As provided in greater detail in the following sections, Plaintiff has failed to plead with requisite specificity facts to support a claim for relief for its civil RICO and fraud claims.

B. *The Complaint Fails To State A Claim Upon Which Relief May Be Granted For Civil RICO Pursuant To 18 U.S.C. § 1964 (Count IV).*

Plaintiff fails to plead the civil RICO claim with the requisite heightened specificity laid out in Rule 9(b). To state a civil RICO claim under 18 U.S.C. § 1964(c), Plaintiff must allege sufficient facts to establish: (1) "that the defendant committed a pattern of RICO predicate acts under 18 U.S.C. § 1962;" (2) "that the plaintiff suffered injury to business or property;" and (3) "that the defendant's racketeering activity proximately caused the injury." Simpson v. Sanderson Farms,

Inc., 744 F.3d 702, 705 (11th Cir. 2014); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

First, Plaintiff fundamentally fails to sufficiently plead the first prong of its civil RICO claim.  The Complaint lacks any identification of which subsection under 18 U.S.C. § 1962 Defendant allegedly committed a pattern of RICO predicate acts.  Specifically, claims under 18 U.S.C. § 1962:

> [R]enders criminally and civilly liable 'any person' who uses or invests income derived 'from a pattern of racketeering activity' to acquire an interest in or to operate an enterprise engaged in interstate commerce, § 1962(a); who acquires or maintains an interest in or control of such an enterprise 'through a pattern of racketeering activity,' § 1962(b); who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs 'through a pattern of racketeering activity,' § 1962(c); or, finally, who conspires to violate the first three subsections of § 1962, § 1962(d).

H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 232 (1989).  Each subsection includes different elements.  Without identifying a subsection of § 1962 in the Complaint, Plaintiff fails to provide fair notice to Defendant of the charges against which it must defend.  Brooks, 116 F.3d at 1381.

Next, Plaintiff's allegations wholly lack specificity as to what predicate act Defendant allegedly committed that would constitute a pattern of racketeering activity and which Defendant allegedly committed those acts.  Comp., ¶ 67.  To establish a pattern of racketeering under any subsection of § 1962, a Plaintiff must

first plead "at least two acts of racketeering activity." 18 U.S.C. § 1961(5); <u>Williams</u> <u>v. Mohawk Industries, Inc.</u>, 465 F.3d 1277, 83 (11th Cir. 20016) (holding that to establish a pattern of racketeering activity under the RICO Act, plaintiff must establish two acts of racketeering). However, simply because two acts are minimally necessary, they may not also be sufficient, as "two of anything do not generally form a 'pattern.'" <u>Rowe v. Gary, Williams, Parenti, Watson & Gary, P.L.L.C.</u>, 181 F.Supp.3d 1161, 1179 (N.D. Ga. 2016).

"'Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mail or wires in furtherance of that scheme.'" <u>American. Dental Ass'n.</u>, 605 F.3d at 1290. While Plaintiff correctly identifies that mail and wire fraud under 18 U.S.C. §§ 1341 and 1343, respectively are, as a matter of law, racketeering activities under 18 U.S.C. § 1961(1) [<u>Comp.</u> ¶¶ 64-65], Plaintiff fails to plead facts that identify any acts in support of the alleged mail and wire fraud.

When a plaintiff alleges mail and wire fraud in his civil RICO claim, plaintiff must comply with both the <u>Twombly</u> and <u>Iqbal</u> plausibility criteria in Rule 8(a) and the heightened pleading standard of Rule 9(b). <u>Brooks</u>, 116 F.3d at 1381. Civil RICO claims, "which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity. <u>American. Dental Ass'n.</u>, 605 F.3d at 1291.

In <u>Brooks</u>, plaintiffs filed a medical insurance class action lawsuit against defendants, alleging violations under the Medicare Secondary Payer statute and RICO.  <u>Brooks</u>, 116 F.3d at 1366.  The complaint alleged mail and wire fraud, but it failed to include any specific act by any specific defendant.[3]  <u>Brooks</u>, 116 F.3d at 1381.  In affirming the district court's grant of defendants' motions to dismiss, the court reasoned that the complaint failed to set forth for each defendant the "time, place, and manner in which any specific predicate act occurred."  <u>Id.</u>  The Eleventh Circuit further emphasizes that fair notice is the most basic consideration in requiring plaintiffs alleging fraud to "reasonably notify[] the defendants of their purported role in the scheme."  <u>Id.</u> (quoting <u>Midwest Grinding Co. v. Spitz</u>, 976 F.2d 1016, 1020 (7th Cir. 1992)).  Therefore, a complaint using mail and wire fraud as predicate acts to support a federal RICO claim is not sufficiently pled unless each defendant is reasonably informed of the specific fraudulent acts that defendant committed.  <u>Brooks</u>, 116 F.3d at 1381.

---

[3] Plaintiffs merely alleged that defendants used U.S. mails for "group health plan information, claim forms, Medicare claims, claim reimbursements and Medicare payments…" and used wire transmissions for the "transmittal of group health plan information, solicitation of coverage, payment of premiums or payment of secondary, rather than primary insurance coverage…"  <u>Id.</u>

Just as the court in <u>Brooks</u> dismissed the RICO claim for failing to provide any basis in fact that would show the court that any Defendant committed any act of mail or wire fraud, Plaintiff provides nothing more than a laundry list of conclusory statements, lacking any documents, statements, or content and manner of allegedly misleading statements for any of the accusations against Simpson and Thomas.[4] Plaintiff further provides conclusory allegations that "English has committed mail and/or wire fraud on at least *two previous occasions against two other victims…*" (emphasis added), not providing even the slightest detail of any alleged time, place or manner that such alleged fraud would have occurred.  <u>Comp.</u>, ¶ 68.  None of Plaintiff's allegations create a plausible claim that Defendant engaged in a pattern of racketeering activity, and thus, the civil RICO claim pursuant to 18 U.S.C. § 1964 fails as a matter of law and should be dismissed.

> C.   *The Complaint Fails To State A Claim Upon Which Relief May Be Granted For Fraudulent Misrepresentation (Count I).*

Dismissal of Count I is appropriate because Plaintiff fails to plead the fraudulent misrepresentation claim with the required heightened specificity

---

[4] Plaintiff merely concludes that Casita Simpson ("Simpson") and Coleen Thomas ("Thomas") "set[] up sham companies, draft[ed] fake closing documents for the sale of the Property, and misrepresent[ed] that they were ready, willing and able to fund the sale as agreed."  <u>Comp.</u>, ¶ 69.

mandated by Rule 9(b).   To sufficiently state a claim for fraudulent misrepresentation, Plaintiff must provide specific factual allegations to establish that (1) Defendant made a false representation; (2) Defendant knew the representations were false at the time (scienter); (3) Defendant made the representation intending to deceive Plaintiff and induce him to perform the work; (4) Plaintiff justifiably relied upon such representations; and (5) Defendant's misrepresentations resulted in damages.   See Clemons v. Delta Airlines, Inc., 338 Ga.App. 844, 847-48, S.E.2d 814, 817 (2016).

Failure to plead "with particularity the circumstances constituting fraud" warrants a dismissal of a fraudulent misrepresentation claim.  Fed.R.Civ.P. 9; Hearn v. International Business Machines, 588 Fed.Appx. 954, 957 (11th Cir. 2014).  In Hearn, the plaintiff's complaint made repeated contentions that employees of the defendant "'made materially false representations' that they knew would be "injurious" to her.  [However] she never stated *with particularity* precisely which representations were false and how she acted in reliance of them." Id., at 957.  The court held that plaintiff failed to sufficiently allege any false representation, reasoning that she did not even state a "time", "place", and "content" of the alleged false statements.  Id.; American Dental Ass'n., 605 F.3d at 1291.

A fraudulent misrepresentation claim is also insufficient when the plaintiff lumps multiple defendants together in general allegations.  Burgess v. Religious Technology Center, Inc., 600 Fed.Appx. 657, 663 (11th Cir. 2015).  In Burgess, plaintiffs alleged eleven different fraudulent misrepresentations, failing to identify the date, time, or place of any of them or which defendant was responsible for which statement.[5]  Ultimately, the court dismissed the claims for failing to meet the heightened standard because the complaint lacked specificity as to which defendant asserted which alleged misrepresentation, when the defendant made that alleged misrepresentation, and how the defendant made the alleged misrepresentation.  Id.

Here, Plaintiff failed to plead fraud with the requisite specificity.  Just as the court in Hearn found the plaintiff's allegations of misrepresentation insufficient, Plaintiff insufficiently pleads the circumstances of the time, place, and content of the alleged misrepresentation.  Plaintiff alleges that "English claimed that she represented the Borrower" [Comp., ¶¶ 13; 34], with no further specificity regarding

---

[5] For example, "in paragraphs 2 and 3 of the complaint, the plaintiffs alleged: '[i]n 2011, Mr. Burgess and Ms. Burgess sought the services of an impatient drug and alcohol rehabilitation center….  The Burgesses found NNGA through an internet search, and … spoke with one or more employees of NNGA and/or International, and/or were provided with marketing materials regarding NNGA's program.  The Burgesses relied upon the following representations made by NNGA and/or International…." Id.

when English purportedly made this statement, the medium she used, to whom she made the alleged representation, or the context surrounding it. Plaintiff makes another naked assertion when it pleads that English claimed the "Borrower was going to purchase the Property and then immediately sell it to ESRG." Id., ¶¶ 15; 35. Again, the allegation lacks any context as to what exactly English allegedly said, to whom she made the alleged misrepresentation, or the medium through which she spoke. Yet again, Plaintiff conclusively asserts that "English claimed that Simpson would execute documents on behalf of the Borrower to close the transaction." Comp., ¶ 36. And yet again, Plaintiff excludes any particularity as the documents Simpson would execute or when and to whom English made the alleged misrepresentation.

Plaintiff further fails to plead with required specificity which Defendant allegedly committed fraudulent misrepresentation against Plaintiff, like the plaintiff in Burgess. Plaintiff alleges that English made false statements, but it does not specify whether she made these allegations as an individual or as an agent of another Defendant. Comp., ¶¶ 13-15; 34-36. Plaintiff alleges Thomas made false claims [Id., ¶¶ 43-44], but again, Plaintiff does not specify in what capacity she made any alleged misrepresentation. Defendants cannot possibly begin to form answers and

responses to claims when they are uncertain of what Plaintiff is actually accusing them.

Plaintiff's allegations are nothing more than a formulaic recitation of the elements, which Justice Souter explicitly warned "will not do." Twombly, 550 U.S. at 554. Plaintiff's fraudulent misrepresentation allegations are legal conclusions that do not meet the Rule 8 threshold. See Fed.R.Civ.P. 8. The Court must strip the complaint of all legal conclusions before it can assess whether the remaining factual allegations meet both the plausibility standard and Rule 9(b)'s heightened standard. American. Dental Ass'n., 605 F.3d at 1289. Accordingly, paragraphs 39-41and 45-47 of the Complaint should be eliminated and not considered. See Comp., ¶¶ 39-41; 45-47. And, Plaintiff's fraudulent misrepresentation claim should be dismissed for failure to state a claim upon which relief may be granted.

  D. *The Complaint Fails To State A Claim Upon Which Relief May Be Granted For Conspiracy To Commit Fraud (Count II).*

Plaintiff's conspiracy to commit fraud lacks the level of specificity required by Rule 9, rendering dismissal of the claim appropriate. To properly allege a conspiracy to commit fraud claim, Plaintiff must "show that two or more persons, acting in concert, engaged in conduct that constitutes a tort." Howard v. Sellers & Warren, P.C., 309 Ga.App. 302, 307, 709 S.E.2d 585, 590 (2011). Conspiracy to

commit fraud cannot exist in the absence of an underlying fraud.  Id. (holding that a conspiracy to commit fraud claim did not exist because there was no evidence to support a fraud claim).  Plaintiffs must plead with specificity a conspiracy to commit fraud claim.  American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1065 (11th Cir. 2007) (holding that because the plaintiff failed to sufficiently plead fraud, his conspiracy to commit fraud claim also failed).  As discussed in Section II(C), *supra*, Plaintiff fails to sufficiently plead fraud.  Without its underlying fraud claim sufficiently pled, Plaintiff's conspiracy to commit fraud also fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court GRANT Defendant's Motion and dismiss the Complaint for lack of subject matter jurisdiction, dismiss Counts I, II, and IV of Plaintiff's Complaint for failure to state a claim, and grant all other relief appropriate under the law.

So certified, this 15th day of October, 2018.

**SCHULTEN WARD TURNER & WEISS, LLP**

*/s/ Kevin L. Ward*
Kevin L. Ward, Georgia Bar No. 737020
*Counsel for ESREC*

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
k.ward@swtwlaw.com

## <u>CERTIFICATE OF COMPLIANCE AND SERVICE</u>

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing DEFENDANT E.S. REAL ESTATE COSORTIUM, CORP.'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT by electronically filing same which sends a notification of filing to counsel of record by the CM/ECF system to:

Ronald G. Polly, Jr.
Hawkins Parnell Thackston & Young LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
rpolly@hptylaw.com

Richard G. Szymczak
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
rszymczak@plunkettcooney.com

Emily M. Coyle
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
ecoyle@plunkettcooney.com

So certified, this 15th day of October, 2018.

**SCHULTEN WARD TURNER & WEISS, LLP**

*/s/ Kevin L. Ward*
Kevin L. Ward, Georgia Bar No. 737020

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
k.ward@swtwlaw.com