# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LIMA ONE CAPITAL SPECIAL SERVICING, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> E.S. REAL ESTATE CONSORTIUM, CORP., a Georgia corporation; CONSORTIUM TITLE, LLC, a Virginia limited liability company; INTERGRITY SETTLEMENT SERVICES, LLC, a Florida limited liability company; ANEAKA ENGLISH, an individual; CASITA SIMPSON, an individual; and COLEEN THOMAS, an individual, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:18-CV-04070-MLB |

## E.S. REAL ESTATE CONSORTIUM, CORPORATION'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT E.S. REAL ESTATE CONSORTIUM'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

COMES NOW, Defendant E.S. Real Estate Consortium, Corporation ("ESREC"), by and through its undersigned counsel, and hereby files this Reply to Plaintiff's Response to E.S. Real Estate Consortium's Motion to Dismiss and

1

Memorandum In Support, seeking the Court's grant of ESREC's Motion to Dismiss for the reasons stated herein:

## Arguments & Citation to Authority

**I.   The Response is Untimely and Should be Disregarded.**

Pursuant to Local Rule 7.1B, "any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion … Failure to file a response shall indicate that there is no opposition to the motion." Defendant ESREC filed its Motion to Dismiss [Doc. 9] on October 15, 2018, and thus, Lima One Capital Special Servicing, Inc.'s ("Plaintiff") response was due on or before October 29, 2018.  Plaintiff did not file its Response until November 2, 2019 [Doc. 11], four days after its response deadline.  Therefore, because Plaintiff failed to file a response to ESREC's Motion to Dismiss not later than fourteen days after service, Plaintiff thus has not opposed the motion.  The court should not consider the untimely Response in making its decision, and ESREC's Motion to Dismiss should be granted.   Even if the Court were to consider the Response, however, the Motion still stands to be granted as shown herein below.[1]

---

[1] ESREC addressing the arguments in the Response is not intended as a waiver of its argument that the Response is untimely and should be disregarded.

## II.     The Assignment to Plaintiff Extinguished the Fraud Claims.

As described in the Motion, each of the allegations regarding the transaction at issue concern Lima One Capital, LLC ("Lima One"), not Plaintiff.  Comp., ¶¶ 11-30.  The Complaint alleges that "Lima One wired $251,375.50 to Integrity through a JPMorgan Chase account to fund the Borrower's purchase of the Property."  Id. at ¶ 21.  Likewise, all of the allegations in the Counts of the Complaint concern Lima One and Defendants.  Id. at ¶¶ 32-48; 50-56, 58-61, and 63-71.  This is because, according to the Complaint, "Lima One Capital, LLC ('Lima One') is in the business of lending funds for short term real estate transactions, among other business."  Id. at ¶ 10.

In Count I (Fraudulent Misrepresentation), Plaintiff alleges that "English made numerous fraudulent misrepresentations to Lima One" and Thomas made misrepresentations to Lima One.  Id. at ¶¶ 33 and 43-48.  In Count II (Conspiracy to Commit Fraud), Plaintiff alleges that "Defendants have perpetrated a fraud against Lima One."  Id. at ¶ 50.

Nonetheless, according to the Complaint, "Lima One assigned its rights to any cause of action arising from this transaction to Plaintiff in an Assignment dated August 21, 2018 and attached hereto as **Exhibit D**."  Comp., ¶ 31.  Lima One's causes of action sounding in fraud were not, however, assignable.  Georgia law

provides unequivocally that, "[a] right of action for personal torts, for legal malpractice, or for injuries arising from fraud to the assignor may not be assigned." O.C.G.A. § 44-12-24.[2]  It is long-standing precedent that an assignee cannot bring a fraud claim because the assignor suffered the injury arising from the fraud. Security Feed & Seed Company of Thomasville, Inc. v. Ne Smith, 213 Ga. 783 (1958) (holding that because injuries arising from fraud to an assignor may not be assigned, assignee lacked standing to assert the fraud claim); RES-GA Hightower, LLC v. Golshani, 334 Ga. 176, 178-79, 778 S.E.2d 805, 808 (2015) (holding that, while Georgia Supreme Court's holding in Ne Smith barring an assignee from bringing an action arising out of fraud on the assignor predates the UFTA, it nevertheless supersedes it).

This is particularly troubling in light of the fact that the reason for the assignment appears to have been to manufacture diversity jurisdiction. Even taking Plaintiff at its word, the assignment was "to protect its investors" to "remain anonymous and confidential." Response, p. 4. Whatever the reason for the assignment to Plaintiff, however, the claims have been extinguished pursuant to O.C.G.A. § 44-12-24.

---

[2] Georgia law clearly applies to Counts I and II of the Complaint. Indeed, Plaintiff cites Georgia law in its Response and submits that it has made a showing of the conspiracy to commit fraud claim "as required by Georgia law." Response, p. 10.

### III.  Plaintiff Cannot State A RICO Claim As A Matter Of Law.

Before a party can recover for a RICO claim, it must establish continuity of the alleged predicate acts. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241 (1989).  Plaintiff has not and cannot do this as a matter of law.  Continuity may be established as open-ended continuity "by showing past conduct that by its nature projects into the future with a threat of repetition" or closed-ended continuity "by showing a closed period of repeated conduct."  Murphy v. Farmer, 176 F.Supp.3d 1325, 1344 (N.D. Ga. 2016) (citations omitted).  Plaintiff has not pled sufficiently future conduct that would give rise to open-ended continuity, and, under these allegations (even assumed as true for purposes of a motion to dismiss), it cannot establish close-ended continuity either.

Plaintiff alleges predicate acts spanning a five-month period from January 1, 2018 to May 7, 2018.  Comp. ¶¶ 21, 28-29.  However, the Supreme Court has made clear that predicate acts spanning only a few months or weeks are wholly insufficient to establish continuity, emphasizing that "Congress was concerned in RICO with long-term criminal conduct."  H.J. Inc., 492 U.S. at 242.  In fact, as a matter of law the alleged five-month period is too short.  The Eleventh Circuit has held that even nine months is too short of a period.  Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1266 (11th Cir. 2004); see also Creative Movement and Dance, Inc. v.

Pure Performance, LLC, No. 1:16-CV-3285-MHC, 2017 WL 4998649 at *7 (N.D. Ga. Jul. 24, 2017). Thus, Plaintiff cannot, as a matter of law, established close-ended continuity of the alleged predicate acts spanning a mere five months.

## IV. Plaintiff Has Still Failed To Demonstrate Diversity Of Citizenship.

The Court should dismiss the unjust enrichment claim (Count III) for lack of subject matter jurisdiction. And, to the extent the fraud claims (Counts I, II, and IV) are not dismissed for the reasons set forth above, those claims should also be dismissed for lack of subject matter jurisdiction.

Lima One is a Georgia limited liability company; whereas, Plaintiff is a Delaware entity. See Comp., Ex. D (Assignment of Claim) ("This document is an assignment by Lima One Capital, LLC, a Georgia limited liability company" to "Lima One Capital Special Servicing, Inc., a Delaware corporation."). Pursuant to the Court's Standing Order Regarding Civil Litigation ("Standing Order") [Doc. 4]:

> For a limited liability company ('LLC') . . . the plaintiff or removing defendant must list each member of the LLC or unincorporated entity and provide specific factual allegations to support the citizenship of each member of the LLC or unincorporated entity. *See Camden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (citizenship of an unincorporated entity generally depends on the citizenship of all the members composing the organization. . . ); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11 th Cir. 2004) ('to sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenship of all the members of the limited liability company'); *RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, No. 2-10-cv-207, 2011 WL 6019904, at *3 (N.D.

>Ga. Dec. 2, 2011) ('when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court').

Standing Order, pp. 2-3.

In its Certificate of Interested Persons and Corporate Disclosure Statement [Doc. 2], Plaintiff certified that Plaintiff and Lima One Capital, LLC constitute the "full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party."

Yet, when ESREC argued in its Motion that there is not diversity of jurisdiction in this case, Plaintiff responded only that Lima One is not a citizen of Georgia because five of its members are individual citizens of South Carolina and three of its members are other limited liability companies and a limited partnership. Response, p. 3 and Ex. A, ¶¶ 5-6.  This is wrong.  While Plaintiff correctly contends that a limited liability company's citizenship is determined by the citizenship of its members, Plaintiff provides no evidence (or even allegation) of who the LLC and LP members of Lima One are or where they are domiciled.  To sufficiently allege the citizenship of the limited liability company, Plaintiff must list the citizenship of all the members of the limited liability company. Rolling Greens MHP, 374 G.3d at 1022 (holding that because plaintiff failed to adequately allege the citizenships of the members of the parties, the district court was unable to determine that diversity

7

jurisdiction existed).  Remarkably, despite its own failure to do so, Plaintiff complains that "ESREC fails to adequately identify the citizenship of the assignor, Lima One Capital, LLC."  Id.  It is wholly insufficient for Plaintiff to allege that "to the best of [its] knowledge, its assignor is not a Georgia citizen for purposes of this action."  P. 3.  "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists.  OSI, Inc. v. U.S., 285 F.3d 947, 951 (11th Cir. 2002); see also Standing Order, pp. 2-3.

Finally, with respect to Plaintiff's argument that ESREC cannot bring its Motion on behalf of the remaining Defendants, the Court must, even *sua sponte*, dismiss an action that lacks subject matter jurisdiction.  Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).  Thus, to the extent that this Court determines that it does not have subject matter jurisdiction, this entire matter must be dismissed, not just against ESREC but against all Defendants.

Respectfully submitted this 16th day of November, 2018.

                                          **SCHULTEN WARD TURNER & WEISS, LLP**

                                          */s/ Kevin L. Ward*
                                          Kevin L. Ward, Georgia Bar No. 737020
                                          Andrea L. Pawlak, Georgia Bar No. 142541
                                          SCHULTEN WARD TURNER & WEISS, LLP
                                          260 Peachtree Street, N.W., Suite 2700
                                          Atlanta, Georgia 30303
                                          404-688-6800 (Phone)

404-688-6840 (Fax)
k.ward@swtwlaw.com
a.pawlak@swtwlaw.com
***Counsel for E.S. Real Estate Consortium, Corp.***

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing DEFENDANT E.S. REAL ESTATE COSORTIUM, CORP.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT E.S. REAL ESTATE CONSORTIUM, CORP.'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT by electronically filing same which sends a notification of filing to counsel of record by the CM/ECF system to:

Ronald G. Polly, Jr.
Hawkins Parnell Thackston & Young LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
rpolly@hptylaw.com

Richard G. Szymczak
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
rszymczak@plunkettcooney.com

Emily M. Coyle
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
ecoyle@plunkettcooney.com

So certified, this 16th day of November, 2018.

**SCHULTEN WARD TURNER & WEISS, LLP**

*/s/ Kevin L. Ward*
Kevin L. Ward, Georgia Bar No. 737020

10

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
k.ward@swtwlaw.com