**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LIMA ONE CAPITAL SPECIAL SERVICING, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>E.S. REAL ESTATE CONSORTIUM, CORP., a Georgia corporation, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>)<br>) 1:18-CV-04070-MLB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTEGRITY SETTLEMENT SERVICES, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO INTEGRITY SETTLEMENT SERVICES, LLC'S JOINDER IN E.S. REAL ESTATE CONSORTIUM'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

COMES NOW, Integrity Settlement Services, LLC ("Integrity"), by and through its undersigned counsel, and hereby files this Reply for Integrity Settlement Services, LLC's Joinder in E.S. Real Estate Consortium, Corp.'s Motion to Dismiss and Memorandum In Support ("Response to Integrity") [Doc. 30].

In Plaintiff's Response to Integrity, Plaintiff overtly hides the identities of Lima One, LLC's ("Lima One") members "due to confidentiality concerns of these company members. Exhibit A. Lima One assigned its claims to Plaintiff, "a

1

servicing company for litigation." Id.  And yet, in response to a facial challenge to subject matter jurisdiction, it is improper for Plaintiff to simply assert that "to the best of Plaintiff's knowledge, its assignor is not a Georgia citizen…." Response to Integrity, pp. 3-4.  Further, Plaintiff asserts unsupported, wildly offensive accusations about Defendant English to unfairly place her and other defendants in a bad light.  Plaintiff cannot make malicious accusations of an FBI investigation without the slightest basis for such an attack.  Moreover, Plaintiff inappropriately attaches over seventy pages of emails to its Response to Integrity that are not included in the pleadings.  Such improper tactic circumvents procedural rules and, thus, should not be considered in ruling on the Motion to Dismiss.

### Arguments & Citation to Authority[1]

**I.      Plaintiff Continuously Fails To Demonstrate Diversity Of Citizenship.**

The Court should dismiss Lima One Capital Special Servicing, Inc.'s ("Plaintiff") Complaint entirely for lack of subject matter jurisdiction.  In the Motion to Dismiss, ESREC attacks this Court's subject matter jurisdiction under 28 U.S.C.

---

[1] Having joined the Motion to Dismiss, Integrity adopts and incorporates all arguments, reasoning, and citations to law and fact, as if fully set forth herein of ESREC's Reply to Plaintiff's Response to Defendant E.S. Real Estate Consortium, Corp.'s Motion to Dismiss and Memorandum in Support ("ESREC's Reply") [Doc. 17] as well.

2

§ 1332.[2]  Motion to Dismiss, pp. 4-7.  When a party factually challenges the subject matter jurisdiction of the court, plaintiff holds the burden of proving that jurisdiction exists.  OSI, Inc. v. U.S., 285 F.3d 947, 951 (11th Cir. 2002).  In Plaintiff's Response to Defendant E.S. Real Estate Consortium, Corp.'s Motion to Dismiss and Memorandum in Support ("Response to ESREC") [Doc. 11], Plaintiff fails to satisfy its burden.  Response to ESREC, pp. 3-4.  Plaintiff criticizes ESREC for contending that Lima One is a Georgia citizen, when ESREC does not hold the burden of establishing Lima One's citizenship.  Id. at p. 3.  Because citizenship of a limited liability company is based on the citizenship of its members, to overcome the facial challenge, Plaintiff merely had to disclose the citizenship of Lima One's members.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Instead, Plaintiff attaches an affidavit of Lima One's CFO to prove, of Lima One's eight members, that "five of those are individuals, [ ] are all citizens of South Carolina."  Response to ESREC, p. 3; Id., Exhibit A.  Notably, Plaintiff

---

[2] ESREC argues that Plaintiff collusively manufactured diversity jurisdiction when Lima One, LLC ("Lima One"), a Georgia limited liability company, assigned its interest in the alleged transaction to Plaintiff, a Delaware corporation, just one week before filing the Complaint.  Motion to Dismiss, pp. 4-7.  English and ESREC are citizens of Georgia, and but for Lima One's assignment to Plaintiff, diversity jurisdiction would not exist.  Id.  Accordingly, when diversity exists solely due to collusion, the Court does not retain subject matter jurisdiction.  Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 745 (2014).

fails to identify the citizenship of the remaining three members, of which, two are limited liability companies and one is a limited partnership.  Id.

In ESREC's Reply, ESREC highlights the Court's Standing Order Regarding Civil Litigation ("Standing Order") [Doc. 4], which clearly mandates that a limited liability company "must list each member of the LLC or unincorporated entity and provide specific factual allegations to support the citizenship of each member of the LLC or unincorporated entity."  Standing Order, pp. 2-3.  And yet, in its Certificate of Interested Person and Corporate Disclosure Statement ("Plaintiff's CIP") [Doc. 2], Plaintiff only includes Plaintiff and Lima One, LLC as the "full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party."  Plaintiff's CIP, p. 2.

Almost two months have passed since ESREC alerted Plaintiff to its deficiency in establishing diversity, and yet Plaintiff still refuses to disclose the full and complete list of the members of Lima One.  Rather, Plaintiff restates identically its arguments from its Response to ESREC in its Response to Integrity.  Response to ESREC, pp. 2-4; Response to Integrity, pp. 4-7.  Plaintiff's refusal to establish diversity among the parties is a refusal to establish that this Court has subject matter jurisdiction.  Thus, dismissal of the Complaint entirely is appropriate.

## II. The Motion To Dismiss Is Limited To The Four Corners Of The Pleadings.

### A. *The Court Should Ignore Prejudicial, Unsupported Statements of an Alleged FBI Investigation.*

The Court should ignore in the entirety the statements Plaintiff makes that there is a current FBI investigation into English (the "FBI Accusation"). Response, p. 5. Plaintiff includes the FBI Accusation solely to prejudice English and the other Defendants, including Integrity. Indeed, the Court is limited to the allegations contained in the Complaint when ruling on the Motion to Dismiss for failure to state a claim. Hayes v. U.S. Bank Nat. Ass'n, 648 Fed. Appx. 883, 887 (11th Cir. 2016) ("[a] court is generally limited to reviewing what is within the four corners of the complaint"); see also Sheppard v. Bank of America, NA, 542 Fed. Appx. 798, 791 (11th Cir. 2013). Even within the Complaint, the allegations still must be greater than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Plaintiff attempts to circumvent the pleading standards of this Court by omitting averments of the FBI Accusations from its Complaint and only including the statement in its Response to Integrity. Notably, Plaintiff provides no basis for its attack, and Plaintiff's inclusion of such prejudicial allegations in its Response to Integrity does not deem the statement true. Plaintiff's counsel should be leery of

asserting unsupported allegations of criminal investigations, as Rule 3.4(h) of the Georgia Rules of Professional Conduct provides that a lawyer shall not "present, participate in presenting or threaten to present criminal charges solely to obtain an advantage in a civil matter." See Cohen v. Rogers, 341 Ga. App. 146, 173, 798 S.E.2d 701, 719 (2017) (Presiding Judge McFadden, dissenting in part, concurring in part).[3] The absence of any basis and the failure to include such a statement in the Complaint reveals Plaintiff's sole purpose of including the FBI Accusation in its Response, which is to create a prejudicial effect. Accordingly, the statement should be disregarded.

### B. Lima One Cannot Assign Its Fraud and RICO Claims To Plaintiff.

Plaintiff lacks standing to bring assigned claims of fraud and RICO on behalf of Lima One against Integrity and other Defendants. Codified in O.C.G.A. § 44-12-24, Georgia has a long-standing precedent that "a right of action for … injuries arising from fraud to the assignor may not be assigned." See Morehead v. Ayers, 136 Ga. 488, 488, 71 S.E. 798, 798 (1911); Feeney v. Decatur Developing Co., 47

---

[3] Dissenting Presiding Judge McFadden stated that he would "vacate the Fulton County court's holding that the appellant could be sanctioned for reporting [defendant's] conduct to the police or for failing to disclose that report during negotiations, heeding the Fulton County court that "before reentering any such finding, to carefully consider Rule 3.4(h) of the Georgia Rules of Professional Conduct…."

6

Ga. App. 353, 170 S.E. 518, 518 (1933) (holding that a plaintiff, as assignee, has no cause of action against defendants for fraud allegedly perpetrated upon the assignor); Security Feed & Seed Company of Thomasville, Inc. v. Ne Smith, 213 Ga. 783, 784 (1958) (holding that an assignee of a fraud claim lacks standing because the assignor, not the assignee, suffered the injury); RES-GA Hightower, LLC v. Golshani, 334 Ga. 176, 178-179, 778 S.E.2d 805, 808 (2015)[4] (holding that the holding Ne Smith supersedes the UFTA, despite predating it).  Further, to sufficiently plead a claim for RICO, Plaintiff must assert that its injury was proximately caused by one or more of the predicate acts.  Wylie v. Denton, 323 Ga. App. 161, 166, 746 S.E.2d 689, 694 (2013) (holding that no causal connection existed between the alleged predicate acts and injuries when plaintiff's injuries were the indirect result of predicate acts directed at third parties); Cox v. Mayan Lagoon Estates, Ltd, 319 Ga. App. 101, 109, 734 S.E.2d 883, 891 (2012) (holding that without a causal connection between the predicate acts pled and the injuries alleged, the RICO claim is dismissed).

Here, Plaintiff inappropriately brings a claim for fraudulent misrepresentation because "Lima One assigned its right to any cause of action arising from this

---

[4] The court in Golshani addressed the amendment to the Uniform Voidable Transactions Act ("UVTA"), which allows the assignment of claims under the UVTA to set aside a property transfer as defrauding creditors, but it nevertheless upheld that fraud claims are not assignable, pursuant to O.C.G.A. § 44-12-24.

transaction to Plaintiff." Comp., ¶ 31. Plaintiff, as assignee, cannot bring a cause of action for alleged fraud perpetrated against Lima One. Morehead, 136 Ga. at 488. Even Plaintiff contends that Lima One, not Plaintiff, was allegedly injured as, "Lima One has not received the balance of the outstanding obligation." Comp., ¶ 30. The alleged harm is against Lima One, not Plaintiff, and, thus, Plaintiff's fraud claim fails as a matter of law.

Moreover, Plaintiff fails, as a matter of law, to allege sufficient predicate acts that would give rise to a civil RICO claim. In its Response to Integrity, Plaintiff argues that wire fraud and mail fraud suffice as predicate acts to Plaintiff's injuries. Response to Integrity, pp. 7-8. This is not correct. In the Complaint, Plaintiff alleges that "*Lima One* has alleged two acts that constitute racketeering activity." Comp., ¶ 67 (emphasis added). The underlying predicate acts are based in fraud, which are clearly unassignable. Morehead, 136 Ga. at 488. Thus, Plaintiff cannot rely on assigned fraud claims as the basis of its RICO claim. And yet, Plaintiff alleges from these predicate acts that "Plaintiff has suffered economic damages." Id. at ¶ 71. Plaintiff's inability to plead predicate acts directed at Plaintiff creating a causal connection to the alleged injury to Plaintiff deems dismissal of the RICO claim appropriate.

### C. Plaintiff Cannot Attach Matters Outside the Pleadings to Its Motion To Overcome an Insufficiently Pled Complaint.

The Court should not consider Exhibits A, B, and E attached to the Response to Integrity, as it is an improper tactic by Plaintiff to circumvent this Court's procedural rules by attempting to bolster the Complaint without converting the Motion to Dismiss to a motion for summary judgment. When ruling on a motion to dismiss for failure to state a claim, the Court must either "limit itself to the allegations within the pleading or, at its discretion, treat the motion as one for summary judgment and provide adequate notice as required by Rule 56(c)." Universal Express, Inc. v. U.S. S.E.C., 177 Fed. App'x. 52, 53 (11th Cir. 2006); see Fed. R. Civ. P. 12(b). The court may only consider documents attached to the motion to dismiss for failure to state a claim without converting it to a motion for summary judgment if the documents are "(1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); see also Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). A document is central to the complaint when it is "a necessary part of the plaintiff's effort to make out a claim." Basson v. Mortg. Electronic Registration Systems, Inc., 741 Fed. App'x. 770, 771 (11th Cir. 2018) (holding that the two security deeds attached to the motion to dismiss were central to plaintiff's complaint because the deeds were identical to the two assignments attached to the complaint); see also Financial Sec. Assur., Inc. v.

9

Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007) (holding that an insurance policy was central to plaintiff's claim because plaintiff refers to its existence and relies on its terms to hold defendant liable); Lowman v. Platinum Property Mgmt. Services, Inc., 166 F.Supp.3d 1356, 1358 (N.D. Ga. Feb. 23, 2016) (holding that email chain attached to the motion to dismiss was central to plaintiff's complaint because plaintiff regularly quoted from the email chain throughout the complaint). Further, "undisputed" means that "the authenticity of the document is not challenged." Taylor, 400 F.3d at 1276.

The Court should not consider the email conversation in Exhibit A because it is not central to Plaintiff's claims and its authenticity is disputed by Integrity. Exhibit A includes alleged email correspondence between Ross Coll and Amy Rice, neither of which are names even mentioned in the Complaint. Response to Integrity, Exhibit A. Plaintiff contends that Exhibit A supports its allegation that "Integrity sent an e-mail confirming its possession of the funds…" Response to Integrity, p. 5. However, at all times in the Complaint, Plaintiff contends that Thomas was actor on behalf of Integrity, not Amy Rice. Comp., ¶¶ 20, 43, 54. Plaintiff claims that "Thomas sent an email to Lima One on January 4, 2018 confirming Integrity was in receipt of the funds…" and "Thomas falsely claims that Integrity was in possession of the ESRG funds…" and "Thomas served as the conduit to obtain the funds…."

10

Id. Alleged emails sent by Amy Rice on behalf of Integrity are not quoted in the Complaint and far from identical to the e-mails allegedly sent by Thomas in the Complaint. Lowman, 166 F.Supp.3d at 1358; Basson, 741 Fed. App'x. at 771. Thus, Exhibit A is not central to Plaintiff's Complaint and should not be considered with the Motion to Dismiss.

Exhibit B, an alleged insurance certificate for Integrity, should also be disregarded because it is disputed. Even Plaintiff questions its authenticity by simultaneously alleging that "no policy exists" and that Exhibit B is the insurance certificate Integrity sent Lima One. Comp., ¶ 24; Response, p. 2; Stephens, Inc., 500 F.3d at 1284. Plaintiff's doubt, alone, of the authenticity of Exhibit B is reason to disregard it in ruling on the Motion to Dismiss.

The Court should not consider Exhibit E[5] to the Response to Integrity, as Plaintiff's Complaint lacks a single assertion of representations made by Integrity to Lima One "two weeks after 'closing.'" Response to Integrity, p. 9. Exhibit E cannot be central to Plaintiff's claims, as a matter of law, when Plaintiff fails to assert any allegations of behavior *after* the "closing," and, accordingly, Exhibit E should also not be considered.

---

[5] Exhibit E includes 70 pages of e-mail correspondence between Matthew Poole and Amy Rice *after* the alleged transaction occurred.

11

*[signature on next page]*
Respectfully submitted this 21st day of February, 2019.

**THE BERNSTEIN FIRM, P.C.**

/s/
Brenda J. Bernstein, Georgia Bar No. 054904
THE BERNSTEIN FIRM, P.C.
P.O. Box 410
Palmetto, Georgia 30268
404-522-1200 (Phone)
404-522-1200 (Fax)
bj@bernsteinfirm.com
***Counsel for Integrity Settlement Services, LLC***

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing INTEGRITY SETTLEMENT SERVICES, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO INTEGRITY SETTLEMENT SERVICES, LLC'S JOINDER IN E.S. REAL ESTATE CONSORTIUM, CORP.'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT by electronically filing the same which sends a notification of filing to counsel of record by the CM/ECF system to:

Ronald G. Polly, Jr.
Hawkins Parnell Thackston & Young LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
rpolly@hptylaw.com

Richard G. Szymczak
Emily M. Coyle
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
rszymczak@plunkettcooney.com
ecoyle@punkettcooney.com

Kevin L. Ward
J. Zachary Zimmerman
Megan E. Makuck
Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, Georgia 30303
k.ward@swtwlaw.com
z.zimmerman@swtwlaw.com
m.makuck@swtwlaw.com

*[signature on next page]*
So certified, this 21st day of February, 2019.

**THE BERNSTEIN FIRM, P.C.**


/s/
Brenda J. Bernstein, Georgia Bar No. 056904

THE BERNSTEIN FIRM, P.C.
P.O. Box 410
Palmetto, Georgia 30268
404-522-1200 (Phone)
404-522-1200 (Fax)
bj@bernsteinfirm.com
*Counsel for Integrity Settlement Services, LLC*