## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **LIMA ONE CAPITAL SPECIAL SERVICING, INC.**, a Delaware corporation,<br><br>       Plaintiff,<br>vs.<br><br>**E.S. REAL ESTATE CONSORTIUM, INC.**, a Georgia corporation; **CONSORTIUM TITLE, LLC**, a Virginia limited liability company; **INTEGRITY SETTLEMENT SERVICES, LLC**,  a Florida limited liability company; **ANEAKA ENGLISH**, an individual; **CASITA SIMPSON**, an individual; and **COLEEN THOMAS**; an individual,<br><br>      Defendants. | CIVIL ACTION FILE<br><br>NO. 18-04070-MLB |

### PLAINTIFF'S RESPONSE TO DEFENDANTS E.S. REAL ESTATE CONSORTIUM, INC. AND ANEAKA ENGLISH'S EMERGENCY MOTION TO DENY OR DEFER CONSIDERATION OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Plaintiff, Lima One Capital Special Servicing, Inc. ("Lima One"), by and through its undersigned counsel, for its Response to Defendants' E.S. Real Estate Consortium, Inc.'s ("ESREC") and Aneaka English's ("English" and collectively with ESREC, the "Defendants") Emergency Motion to Deny or Defer Consideration of Plaintiff's Partial Motion for Summary Judgment and Memorandum in Support, states as follows:

  1.  Lima One admits this matter has been pending for seven months.

2.      Lima One admits that there is a Motion to Dismiss pending before this Court.   Lima One further states that ESREC was granted additional time to respond to its complaint because it alleged the parties were close to a settlement [Doc. No. 8], which the Court granted based on ESREC's representations on the same day it was filed.   However, it became apparent to Lima One that the "settlement discussions" were just another delay tactic utilized by ESREC to postpone having to repay the monies owed to Lima One.   This is apparent as since the Motion to Dismiss was filed, ESREC, nor any other defendant, has contacted Lima One to discuss a potential settlement of this action.

3.      Admitted.   Lima One further states that it believes a status conference with the Court is necessary at this point to set deadlines for the litigation.

4.      Admitted.

5.      Plaintiff admits it filed a Motion for Extension of Time; however, Defendants objected to its request, and the Court has not granted the extension of time.   Therefore, it is impossible for Plaintiff to properly affect service due to Defendants' objection to Plaintiff's request.

6.      Plaintiff admits the Defendants have not filed answers or affirmative defenses, but it denies those documents are necessary for any party to determine the legal issues in this matter.   Plaintiff's assignor loaned money to a fictitious real estate purchaser based on the representations of Defendants and Integrity

Settlement Services, LLC ("Integrity").  Defendants nor Integrity have repaid the amounts owed to Plaintiff.  English has made several partial payments and both English and Integrity have promised to repay the amount owed to Plaintiff. Therefore, Defendants continue to make every procedural attack because they have no legitimate legal or factual defenses.

7.    Admitted.

8.    Plaintiff admits it filed a Motion for Partial Summary Disposition because there is no discovery necessary in this matter, as described in the Motion. Correspondence from Defendants and Integrity Settlement Services, along with the numerous promises to repay the amounts owed are attached to the Motion, and Defendants have the knowledge to determine if there are any defenses available to them (there are not).  Further, Plaintiff's Motion **does not make any factual allegations regarding Coleen Thomas or Consortium Title, LLC.**  Defendants' latest attempt to stall these proceedings is not even accurate.  Plaintiff's Motion is based on the actions of ESREC, English, and Integrity, and Defendants were aware of that fact when they filed the instant Motion.  This litigation has been pending for almost eight months and Defendants have done everything to stall it.

9.    As discussed below, Defendants do not need discovery to respond to the Motion for Partial Summary Disposition as all the allegations and numerous emails attached to the Motion relate specifically to ESREC, English, and Integrity.

Therefore, any further delay is unnecessary, unwarranted, and will delay the justice sought by Plaintiff.

<u>**Argument & Citation to Authority**</u>

While Fed. R. Civ. P. 56(d) does allow the Court discretion when a non-moving party shows that additional discovery is necessary before it can response to a dispositive motion, as discussed in detail below, this is not the case in this matter. Defendants themselves took these actions; therefore, they have all the knowledge necessary to determine what defenses they believe they have to the Motion.

### A.     Pending Jurisdictional Issues

If the Court determines that Lima One's Motion for Partial Summary Judgment cannot be determined until the jurisdictional issues are resolved, that does not prevent Defendants from having to respond to the Motion. Defendants did not raise the jurisdictional issues when objecting to Lima One's mundane request for additional time to serve the remaining defendants in this action, a request that has yet to be granted to denied.

Lima One agreed to postpone the filing of a Joint Preliminary Report and Discovery Plan as it believed that Defendants were still willing to discuss settlement while the Court reviewed ESREC's Motion to Dismiss. However, the Motion for Partial Summary Disposition pending before this Court requires no discovery as the entire factual basis of it relates solely to the actions of ESREC,

English, and Integrity, who have all appeared and are all parties to this litigation. Seemingly they should be able to articulate and provide evidence of their own actions and defenses.

### B. Not All Defendants Are Required For The Court to Rule on a Motion for Partial Summary Disposition.

Defendants rely on one allegation in Lima One's Statement of Material Facts to argue that Casita Simpson's presence in this litigation is required.  However, that fact is immaterial to claims against the Defendants that filed this Motion, and only material to claims against Integrity.  Integrity certainly knows how it became involved in this fraudulent scheme, so there is no discovery needed for it to respond.

### C. Discovery is not necessary for Defendants to Respond to the Motion for Partial Summary Disposition.

A review of Lima One's Motion for Partial Summary Disposition makes it clear that any information Defendants allege they need to respond is in their own control.   The Motion specifically alleges what ESREC and/or English did, themselves.   Likewise, the allegations against Integrity are based on emails between Integrity and Lima One.   In a footnote, Defendants state they need discovery regarding the following:

- Understanding of the arrangement at the time of the transaction;

- The other defendants' understanding of the arrangement at the time of the transaction;

- Relation between timing of the exchange of money and the transaction;

- Timing of any repayment; and

- Any contingencies in the agreement.

[Doc. No. 33, pg. 8].  However, as English negotiated the deal, it can be assumed she understands the "arrangement at the time of the transaction."  Further, ESREC, English and Integrity were involved in the transaction, while they may have claim against the unserved defendants for contribution, those issues are not relevant to Lima One's Motion for Partial Summary Disposition.

Lima One is unable to determine what "the relation between timing of the exchange of money and the transaction" means in this context.  However, it is clear from the emails attached to Lima One's Motion that English was aware both closings were to occur on the same day.  Likewise, Integrity confirmed that both closings were occurring on the same day.  Therefore, any information regarding the timing of the payments would be in Defendants' possession and knowledge.

As for the timing of any repayment and any contingencies in the agreement, those alleged concerns are not the basis for a defense to an unjust enrichment claim.  Unjust enrichment is a simple concept.  The Supreme Court of Georgia has explained:

> A claim of unjust enrichment will lie if there is no legal contract and the party sought to be charged has been conferred a benefit by the party contending an unjust

6

> enrichment which the benefited party equitably ought to return or compensate for. The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received.

*Campbell v. Ailion*, 338 Ga. App. 382, 386–87, (2016).  As such, a claim for unjust enrichment will exist where a plaintiff asserts that:

(1) Defendant induced the plaintiff to provide something of value to the defendant;

(2) Plaintiff provided a benefit to the defendant with the expectation that the defendant would pay; and

(3) Defendant knew of the benefit being bestowed upon it by the plaintiff and either affirmatively chose to accept the benefit or failed to reject it.

Id. at 387.  If Defendants believe there is a contract (there is not), they are certainly in possession of it and can produce it in response to Lima One's Motion.  ESREC, English, and Integrity are in possession of all the knowledge necessary to defend the Motion for Partial Summary Disposition.  They just do not want to respond because they have no defenses to Lima One's claim.

WHEREFORE, Plaintiff Lima One Capital Special Servicing, Inc. respectfully requests that this Honorable Court deny Defendants' Motion to Deny or Defer Plaintiff's Motion for Partial Summary Judgment as there is no discovery necessary, and further delays in this action would be unjust.  Plaintiff further

requests that this Honorable Court set a status conference within thirty (30) days to discuss the outstanding issues in this matter.

Respectfully submitted,

_____ */s/ Emily M. Coyle*_____
Emily M. Coyle, MI Bar No. P74123
(*ADMITTED PRO HAC VICE*)
ecoyle@plunkettcooney.com
**PLUNKETT COONEY, P.C.**
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Telephone:   (248) 594-8613
Facsimile:    (248) 901-4040


Ronald G. Polly, Jr.
Georgia Bar No. 583264
rpolly@hptylaw.com
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
Telephone:   (404) 614-7400
Facsimile:    (404) 614-7500

*Attorneys for Plaintiff*

Dated:  March 20, 2019

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS E.S. REAL ESTATE CONSORTIUM, INC. AND ANEAKA ENGLISH'S EMERGENCY MOTION TO DENY OR DEFER CONSIDERATION OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN

SUPPORT by electronically filing the same which sends a notification of filing to

counsel of record by the CM/ECF system to:

| | |
|---|---|
| Brenda J. Bernstein<br>The Bernstein Firm, P.C.<br>P.O. Box 410<br>Palmetto, Georgia 30268<br>bj@bernstein.com<br>*Counsel for Integrity Settlement Services, LLC* | Kevin L. Ward<br>Schulten Ward Turner & Weiss, LLP<br>260 Peachtree Street, Suite 2700<br>Atlanta, Georgia 30303<br>k.ward@swtwlaw.com<br>*Counsel for E.S. Real Estate Consortium, Corp. and Aneaka English* |
| J. Zachary Zimmerman<br>Schulten Ward Turner & Weiss, LLP<br>260 Peachtree Street, Suite 2700<br>Atlanta, Georgia 30303<br>z.zimmerman@swtwlaw.com<br>*Counsel for E.S. Real Estate Consortium, Corp. and Aneaka English* | Megan E. Makuck<br>Schulten Ward Turner & Weiss, LLP<br>260 Peachtree Street, Suite 2700<br>Atlanta, Georgia 30303<br>m.makuck@swtwlaw.com<br>*Counsel for E.S. Real Estate Consortium, Corp. and Aneaka English* |

So certified, this 20th day of March, 2019.

Respectfully submitted,

_____ */s/ Emily M. Coyle*
Emily M. Coyle, MI Bar No. P74123
(*ADMITTED PRO HAC VICE*)
ecoyle@plunkettcooney.com
**PLUNKETT COONEY, P.C.**
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Telephone:  (248) 594-8613
Facsimile:   (248) 901-4040

Ronald G. Polly, Jr.
Georgia Bar No. 583264
rpolly@hptylaw.com
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
Telephone:  (404) 614-7400
Facsimile:   (404) 614-7500

*Attorneys for Plaintiff*