**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LIMA ONE CAPITAL SPECIAL SERVICING, INC., a Delaware corporation, | )<br>)<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION FILE NO.<br>)<br>) 1:18-CV-04070-MLB |
| v. | )<br>) |
| E.S. REAL ESTATE CONSORTIUM, CORP., et al. | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS E.S. REAL ESTATE CONSORTIUM, CORPORATION AND ANEAKA ENGLISH'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS E.S. REAL ESTATE CONSORTIUM, CORPORATION AND ANEAKA ENGLISH' EMERGENCY MOTION TO DENY OR DEFER CONSIDERATION OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

COME NOW, Defendants E.S. Real Estate Consortium, Corp. ("ESREC") and Aneaka English ("English")(collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Local Rule 7.2(B) and Fed. R. Civ. P. Rule 56(d) hereby file this Reply to Plaintiff's Response to Defendants' Emergency Motion to Deny or Defer Consideration of Plaintiff's Partial Motion for Summary

Judgment ("Motion"), seeking the Court's denial or deferment of the Plaintiff's premature Partial Motion for Summary Judgment, and showing the Court as follows:

## Argument & Citation to Authority

**A.     Plaintiff Fails to Disclose Lima One's Members:**

Plaintiff inappropriately accuses Defendants of stalling litigation, when, for over five months, Plaintiff has refused and continues to refuse to disclose the members of assignee Lima One Capital, LLC ("Lima One"). Plaintiff alleged in the Complaint that "Lima One assigned its rights to any cause of action arising from this transaction to Plaintiff."  [Doc. 1], ¶ 31.  Indeed, the Standing Order explicitly requires "[f]or a limited liability company ("LLC"), or other unincorporated entity, the plaintiff or removing defendant must list each member of the LLC …."  [Doc. 4], p. 2. Instead, Plaintiff provided an incomplete disclosure list of interested parties – Lima One Capital Special Servicing, Inc. and Lima One Capital, LLC.  [Doc. 2], p. 2.  At their first opportunity to file a responsive pleading, Defendants raised the issue of subject matter jurisdiction in their Motion to Dismiss, alleging that the Court lacks both federal question and diversity jurisdiction.  [Doc. 9], pp. 3-8.

To this day, Plaintiff refuses to disclose three of Lima One's members.  Rather than allow Defendants time to conduct discovery regarding Lima One's membership, Plaintiff expects Defendants to blindly trust that "to the best of

Plaintiff's knowledge, its assignor is not a Georgia citizen for purposes of this action." [Doc. 11], p. 3.  Discovery is necessary "to provide a mechanism for making relevant information available to the litigants."  Lozano v. Maryland Cas. Co., 850 F.2d 1470, 1473 (11th Cir. 1988).  Plaintiff's refusal to disclose threshold information related to the Court's jurisdiction over this matter increases the necessity for discovery prior to a ruling on the Partial Motion for Summary Judgment.

**B.     Defendants Have Not Filed Their Defenses to the Claims:**

Defendants are not required to file an answer and/or affirmative defenses to the Complaint unless the Court denies the Motion to Dismiss.  Fed. R. Civ. P. 12(a)(4).  Thus, it is inappropriate for Plaintiff to assert that "[Defendants] have no defenses to [Plaintiff's] claim" when the Federal Rules of Civil Procedure do not yet require Defendants to file any.  Id.; [Doc. 34], p. 7.

**C.     Plaintiff Cannot Deprive Defendants of Discovery:**

Despite its attempt to do so in Plaintiff's Response to Defendants E.S. Real Estate Consortium, Inc. and Aneaka English's Emergency Motion to Deny or Defer Consideration of Plaintiff's Partial Motion for Summary and Memorandum in Support ("Response"), Plaintiff holds no authority to deprive Defendants of discovery, as Defendants have "show[n] by affidavit or declaration that, for specific reasons, [they] cannot present facts essential to justify [their] opposition [to the

Motion for Summary Judgment]...." Fed. R. Civ. P. 56(d). Defendants demonstrated, through the Declaration of Kevin L. Ward ("Ward Dec."), a few of the topics on which they need to conduct discovery in order to respond to the Partial Motion for Summary Judgment. [Doc. 33-2] Defendants' necessity to conduct discovery related to the claim and defenses is not negated by Plaintiff's opinion that "[u]njust enrichment is a simple concept." [Doc. 34], p. 6.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Partial Motion for Summary Judgment; or, in the alternative, this Court should defer consideration of Plaintiff's Partial Motion for Summary Judgment until after the completion of discovery in accordance with the discovery plan the parties are to submit following the Court's ruling on the Motion to Dismiss. Defendants ask that this Court consider this Motion on an expedited basis pursuant to Local Rule 7.2(B).

Respectfully submitted, this 2nd day of April, 2019.

                **SCHULTEN WARD TURNER & WEISS, LLP**

                */s/ Kevin L. Ward*
                Kevin L. Ward, Georgia Bar No. 737020
                J. Zachary Zimmerman, Georgia Bar No. 785135
                Megan E. Makuck, Georgia Bar No. 128253
                260 Peachtree Street, N.W., Suite 2700
                Atlanta, Georgia 30303
                404-688-6800 (Phone)

404-688-6840 (Fax)
k.ward@swtwlaw.com
z.zimmerman@swtwlaw.com
m.makuck@swtwlaw.com
***Counsel for Defendants E.S. Real Estate Consortium, Corp. and Aneaka English***

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

I hereby certify that this filing complies with the requirements of Local Rule 5.1B (Times New Roman, 14 point) and that I have this day served a copy of the within and foregoing DEFENDANTS E.S. REAL ESTATE CONSORTIUM, CORPORATION AND ANEAKA ENGLISH'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS E.S. REAL ESTATE CONSORTIUM, INC. AND ANEAKA ENGLISH'S EMERGENCY MOTION TO DENY OR DEFER CONSIDERATION OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT by electronically filing same which sends a notification of filing to counsel of record by the CM/ECF system to:

Ronald G. Polly, Jr.
Hawkins Parnell Thackston & Young LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
rpolly@hptylaw.com
*Counsel for Plaintiff*

Richard G. Szymczak
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
rszymczak@plunkettcooney.com
*Counsel for Plaintiff*

Emily M. Coyle
Plunket Cooney, P.C.
38505 Woodward Avenue
Suite 100
Bloomfield Hills, Michigan 48304
ecoyle@plunkettcooney.com
*Counsel for Plaintiff*

Brenda J. Bernstein
The Bernstein Firm, P.C.
P.O. Box 410
Palmetto, Georgia 30268
bj@bernsteinfirm.com
*Counsel for Integrity Settlement Services, LLC*

*[signature on next page]*

Page **6** of **7**

So certified, this 2nd day of April, 2019.

                                  **SCHULTEN WARD TURNER & WEISS, LLP**

                                  */s/ Kevin L. Ward*
                                  Kevin L. Ward, Georgia Bar No. 737020

Schulten Ward Turner & Weiss, LLP
260 Peachtree Street, Suite 2700
Atlanta, Georgia 30303
404-688-6800 (Phone)
404-688-6840 (Facsimile)
k.ward@swtwlaw.com